## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **IDEXX DISTRIBUTION, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | ) |
| | ) **Docket No:** |
| **JOHN SECTER, P.S.C. d/b/a SHELBY** | ) |
| **STREET VETERINARY HOSPITAL** | ) |
| | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

NOW COMES Plaintiff IDEXX Distribution, Inc. ("IDEXX Distribution") for its complaint against Defendant John Secter, P.S.C. d/b/a Shelby Street Veterinary Hospital ("Shelby Street") and states as follows:

## PARTIES

1. Plaintiff IDEXX Distribution, Inc. is a Massachusetts corporation registered to do business in the State of Maine with a principal place of business at One IDEXX Dr., Westbrook, Maine 04092. IDEXX Distribution operates some of its laboratory business under the name IDEXX Reference Laboratories. IDEXX Distribution is an affiliate of IDEXX Laboratories, Inc., a leader in diagnostics and information technology solutions for animal health and water and milk quality.

2. Defendant John Secter, P.S.C. d/b/a Shelby Street Veterinary Hospital is a Kentucky professional services corporation with a principal place of business at 7220 Burlington Pike, Suite B, Florence, KY 41042.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) based on diversity of citizenship between Plaintiff and Defendant. The amount in controversy, exclusive of interest and costs, exceeds $75,000, as specified by 28 U.S.C. § 1332(a).

4. The Court has personal jurisdiction over Defendant and venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff has a principal place of business in this District and a substantial part of the events giving rise to the claims set forth occurred within this District.

## FACTUAL BACKGROUND

5. IDEXX Distribution and Shelby Street entered into the IDEXX 360 Agreement, dated April 1, 2019 (the "Agreement"), an agreement for veterinary laboratory products and services.

6. The Agreement provides that from April 1, 2019, through the Agreement's end date of March 31, 2025, in exchange for price discounts and certain items of diagnostic equipment, which IDEXX provided to Shelby Street, Shelby Street will use IDEXX for at least 90% of its annual reference laboratory services and will purchase at least $45,049 annually, $3,754.08 monthly, (the "Annual Minimum Purchase Amount") of qualifying diagnostic products and services, including reference laboratory services, from IDEXX.

7. Reference laboratory services are those in which a specimen is sent, or "referred," to an outside laboratory for analysis.

8. The Agreement provides that the Annual Minimum Purchase Amount "is calculated net of taxes, shipping, allowances, credits and discounts."

9. As of on or around February 1, 2020, contrary to the Agreement, Shelby Street has substantially stopped using IDEXX's reference laboratory services and has otherwise failed to purchase qualifying diagnostic products and services at the minimum purchase amount.

10. Based on the Annual Minimum Purchase Amount over the remaining term of the Agreement, IDEXX's lost profits as a result of Shelby Street's breach are at least $154,166.

11. Additionally, pursuant to the Agreement, upon Shelby Street's breach, IDEXX is entitled, among other remedies, to repayment of all discounts paid by IDEXX to Shelby Street and to its attorneys' fees.

## COUNT I – BREACH OF CONTRACT

12. Plaintiff repeats and restates the allegations contained in paragraphs 1 through 11 of this Complaint as if set forth in full.

13. IDEXX and Shelby Street entered into a binding, enforceable Agreement by which IDEXX agreed to provide Shelby Street with substantial discounts and certain items of diagnostic equipment, which IDEXX did provide, in exchange for Shelby Street's agreement to exclusively use IDEXX laboratories (at a level of 90%) for its reference laboratory services and to purchase reference laboratory services and other qualifying products at agreed-to levels for a period of six years.

14. Shelby Street breached the Agreement by failing to exclusively use IDEXX reference laboratory services and failing to meet its minimum purchasing requirements.

15. As a result of Shelby Street's breach, IDEXX has suffered and continues to suffer substantial harm.

16. All conditions precedent to the maintenance of this action have been met.

WHEREFORE, Plaintiff IDEXX Distribution, Inc. requests entry of judgment against Defendant John Secter, P.S.C. d/b/a Shelby Street Veterinary Hospital for all damages, costs, and attorneys fees, and such other and further relief this Court deems just and reasonable.

Dated:  May 23, 2022

                                               */s/ Adrianne E. Fouts*
                                               Adrianne E. Fouts

                                               Attorney for Plaintiff

                                               Drummond Woodsum & MacMahon
                                               84 Marginal Way, Suite 600
                                               Portland, Maine 04101
                                               Tel: (207) 772-1941
                                               Fax: (207) 772-3627
                                               afouts@dwmlaw.com